IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Reina Chavez-Romero,  )<br>                               )<br>          Plaintiff,         )<br>                               )<br>     vs.                      )<br>                               )<br>U.S. Department of Education, )<br>Federal Offset Unit,          )<br>                               )<br>          Defendant.          )<br>                               ) | Civil Action No. 6:11-1639-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for a preliminary injunction (doc. 3). The plaintiff, who is proceeding *pro se*, initiated this action against the United States Department of Education alleging that she is eligible for Teacher Loan Forgiveness. The defendant denies the claim and contends that the type of loan provided to the plaintiff is ineligible for Teacher Loan Forgiveness.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

Along with her complaint, the plaintiff sent a letter to the Clerk of Court stating, "PLEASE TAKE NOTICE that a Preliminary Injunction relief order is requested to enjoin the defendant in offsetting my taxes and my social security benefits" (doc. 3). The defendant opposes the motion. In the complaint and amended complaint, the plaintiff also requested the court "[i]ssue an injunction to prevent the defendant U.S. Department of Education from offsetting plaintiff's federal and state tax returns, as well as to prevent the defendant U.S. Department of Education from offsetting plaintiff's social security retirement benefits" (docs. 1, 19).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v.*

*Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies).

The plaintiff has failed to meet her burden for issuance of an injunction. She has failed to show she is likely to succeed on the merits. As noted by the defendant in its answer, no injunction may be issued against the Department of Education pursuant to 20 U.S.C. § 1082(a)(2), and offset of Social Security benefits is permitted under *Lockhart v. United States, et al.*, 546 U.S. 142, 145 (2005). Furthermore, the plaintiff has presented no evidence demonstrating she will be irreparably harmed absent preliminary relief, and she has made no effort to demonstrate that the balance of equities tips in her favor. Lastly, she has not shown that an injunction is in the public interest.

Wherefore, based upon the foregoing, the plaintiff's motion (doc. 3) should be denied.

s/ Kevin F. McDonald
United States Magistrate Judge

November 9, 2011
Greenville, South Carolina