IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Reina Chavez-Romero, | ) | |
| | ) | C.A. No. 6:11-cv-01639-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| United States Department of | ) | |
| Education, Federal Offset Unit, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Doc. 33], filed on November 9, 2011, recommending that Plaintiff's Motion for a Preliminary Injunction [Doc. 3],[1] be denied. Plaintiff brought this action seeking relief for Teacher Loan Forgiveness. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court

---

[1] Plaintiff did not file a formal motion. Instead, Plaintiff filed a service letter to the Clerk of Court enclosing her pro se Complaint, within which she requested a preliminary injunction relief order. [Doc. 3].

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of her right to file objections to the Report and Recommendation [Doc. 33-1]. Plaintiff timely filed objections to the Report and Recommendation. [Doc. 36]. In her objections, Plaintiff relies on admissions in Defendant's Answer to the Amended Complaint [Doc. 23] that Plaintiff worked for Head Start in Schenectady, New York, and her arguments that she is requesting cancellation of her debt for the eligible loan and that she will prevail on the merits of the case. As a result, Plaintiff contends that she does not have to prove any of the elements to obtain preliminary injunctive relief. Although Defendant did not file a reply to Plaintiff's objections, Defendant has maintained that Plaintiff's loan is ineligible under the Teacher Loan Forgiveness program. [Doc. 23]. Furthermore, Plaintiff fails to address the Magistrate Judge's finding that "no injunction may be issued against the Department of Education pursuant to 20 U.S.C. § 1082(a)(2), and offset of Social Security benefits is permitted under *Lockhart v. United States*, *et al*., 546 U.S. 142, 145 (2005)." [Doc. 33 at 2].

After careful review of the Magistrate Judge's Report and Recommendation and Plaintiff's objections thereto, the Court **ACCEPTS** the Report. [Doc. 33]. Therefore, for the reasons articulated by the Magistrate Judge, Plaintiff's Motion for Preliminary Injunction [Doc. 3] is **DENIED.**

IT IS SO ORDERED.

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
March 1, 2012