IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Reina Chavez-Romero,<br><br>                Plaintiff,<br><br>    vs.<br><br>U.S. Department of Education,<br><br>                Defendant. | Civil Action No. 6:11-1639-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the *pro se* plaintiff's motion for summary judgment (doc. 42) and the defendant's motion for summary judgment (doc. 43). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff filed her complaint on July 7, 2011, and an amended complaint on October 12, 2011, seeking review of a final administrative decision of the U.S. Department of Education ("Education") where the agency found it was entitled to collect plaintiff's debt on a defaulted Parent Loan for Undergraduate Student ("PLUS") loan by offsetting the plaintiff's payment streams including federal and/or state tax refunds and Social Security benefits. The plaintiff seeks to enjoin Education from enforcing the offset, cancellation of the debt, and an award of $500,000.

The plaintiff filed a motion for summary judgment on December 13, 2011. The defendant filed its motion for summary judgment on December 16, 2011. On December 19, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the motion. The plaintiff filed her

response in opposition on December 20, 2011, and the defendant filed its response in opposition on January 3, 2012. The plaintiff filed a reply on January 6, 2012.

## FACTS PRESENTED

The William D. Ford Federal Direct Loan Program ("Direct Loan Program") is authorized by Title IV, Part D of the Higher Education Act of 1965, as amended ("HEA"), 20 U.S.C. § 1087a *et seq*. Under the Direct Loan Program, Education makes loans directly to borrowers, who repay the loans directly to Education. 20 U.S.C. § 1087a *et seq*. The Direct Loan Program is distinct from both the Federal Family Education Loan Program ("FFELP") (formerly Guaranteed Student Loan Program ("GSLP")) (Title IV, Part B of the HEA (20 U.S.C. §§ 1071 *et seq*.)) and the Federal Perkins Loan Program (formerly known as the National Direct Student Loan Program or the National Defense Student Loan Program) (Title IV, Part E of the HEA (20 U.S.C. §§ 1087aa-1087hh)). Four different types of loans are authorized pursuant to the Direct Loan Program: Federal Direct Stafford Loans, Federal Direct PLUS Loans, Federal Direct Consolidation Loans, and Federal Direct Unsubsidized Stafford Loans. 20 U.S.C. § 1087e(a)(2)(A-D).

In the event of a borrower's default in repaying the loan, Education pursues collection from the debtor, including administrative wage garnishment, collection efforts authorized pursuant to 31 U.S.C. § 3720D, and collection by offset through the Treasury Offset Program authorized pursuant to 31 U.S.C. § 3716 *et seq*.

The U.S. Department of the Treasury ("Treasury"), through its Financial Management Service ("FMS"), operates a debt collection program known as the Treasury Offset Program ("TOP"). Federal agencies and states use TOP, a centralized offset program, to collect delinquent non-tax debts from Federal payments in accordance with 31 U.S.C. § 3716 and other applicable laws. Treasury disburses payments, such as Social Security benefit payments, to individuals on behalf of federal agencies (known as "payment agencies" such as the Social Security Administration). "Creditor agencies," such as

Education, may collect delinquent debts through offset against these payments; to refer a debt to Treasury for collection by TOP, the creditor agency must provide the due process steps required by statute. *See* 31 U.S.C. §§ 3716(a),(c)(6); 3720A(a), (b); 31 C.F.R. §§ 285.2, .4. These steps include notice of the proposed offset and an opportunity for a hearing to dispute the debt and certification to Treasury that these steps have been completed and that the debts qualify for collection by offset. Treasury will not accept a referral for offset without this certification from the creditor agency. Before disbursing payments on behalf of a payment agency, Treasury compares the names and taxpayer identification numbers ("TINs") of payees with the names and TINs of debtors in the TOP database. If there is a match, Treasury offsets all or a portion of the federal payment, pays the offset amount to the creditor agency, and disburses any remaining payment to the payee. *See* 31 C.F.R. § 285.4(c), (h). Treasury maintains each debt referred to TOP in the TOP database for offset action against eligible federal payments until the debt is paid in full or the creditor agency removes or inactivates the debt in the TOP database.

Under the statute, payments such as income tax refunds, retirement payments, Social Security benefit payments, part B of black lung benefits payments, and Railroad Retirement Board benefits may be withheld and offset under TOP. *See* 31 U.S.C. § 3720A(a) (Supp. 1998) (income tax refund payments); 26 U.S.C. § 6402(d) (same); 31 U.S.C. 3716(a), (c) (administrative offset); 31 C.F.R. § 285.2 (tax refund payments). Education has actively participated in TOP to collect defaulted student loans and has promulgated regulations governing the collection of student financial assistance programs authorized under Title IV of the HEA.

The plaintiff has taken out three loans (Alberto Francisco dec. ¶¶ 32, 33, attachs. A, B, C, D). She borrowed $4,170 on the first Federal Family Education Loan Program ("FFELP") subsidized Stafford Loan on February 23, 1995 (*id.* ¶ 35, attachs. A, D). The first FFELP Stafford Loan was deferred three times, went into forbearance twice, and

3

has been in repayment since March 14, 2011 (*id.* ¶ 35, attach. D). The plaintiff borrowed $8,500.00 on the second Subsidized FFELP Stafford Loan on July 26, 2005 (*id.* ¶ 34, attachs. A, C). The second Subsidized FFELP Stafford Loan was cancelled on January 18, 1996 (*id.* ¶ 34, attachs. A, C). Neither of the Subsidized FFELP Stafford Loans is held by Education and, accordingly, are not at issue here.

On or about September 2, 1997, the plaintiff signed an application and promissory note for a Direct PLUS Loan for Israel A. Romero's studies at the New School of Radio and Television. On August 4, 1997 and August 28, 1997, the plaintiff received disbursements in the amount of $2,650.00 each (*id.* ¶ 36, attachs. E, F). On September 2, 1997, the plaintiff selected the extended repayment plan for her Direct PLUS Loan (*id.* ¶ 36, attach. G). The plaintiff entered into administrative forbearance due to bankruptcy from November 21, 1998, until October 21, 2004 (*id.* ¶ 36, attachs. H, I, J, K). The plaintiff then entered into Economic Hardship Deferment from November 21, 2004, until November 25, 2006 (*id.* ¶ 36, attach. H). The plaintiff then entered into General Forbearance from December 21, 2006, until December 21, 2008 (*id.* ¶ 3, attach. H; *see id.* ¶ 36, summary table of requests for deferment or forbearance).

On October 19, 1998, the plaintiff filed a Chapter 13 bankruptcy in the Northern District of New York (Case Number 98-16872, Northern District of New York) (Francisco decl. ¶ 37, attach. DD). On October 15, 1999, the plaintiff moved to amend her Chapter 13 bankruptcy plan (*id.*, attach. EE). On December 10, 2001, the plaintiff moved for an order modifying her Chapter 13 bankruptcy plan (*id.*, attach. FF). On August 20, 2002, the United States Bankruptcy Court of the Northern District of New York discharged the plaintiff of all debts provided for by plan (*id.*, attach. GG). However, the plan did not discharge the student loans. The plan stated in the first provision:

> Pursuant to 11 U.S.C. Section 1328(a), the debtor(s) is/are discharged from all debts provided for by the plan or disallowed under 11 U.S.C Section 502, except any debt . . .c) for a

4

>student loan or educational benefit overpayment as specified
>in 11 U.S.C. Section 523(a)(8).

(*id.*, attach. GG).

The plaintiff filed a Chapter 13 bankruptcy in the District of South Carolina on February 8, 2010 (*id.* ¶ 38, attach. HH). The case was dismissed on July 10, 2010 (*id.*, attach. II).

On September 30, 2002, the plaintiff reported to the United States Bankruptcy Court of the Northern District of New York that Education was trying to collect on an account that was already discharged on August 20, 2002 (*id.* ¶ 39, attachs. KK, LL). On June 7, 2004, Education explained in writing to the plaintiff's attorney that the plaintiff's Direct PLUS Loan could not be discharged on the basis of her bankruptcy filing (*id.* ¶ 39, attach. MM). Education explained that, pursuant to 11 U.S.C. § 523(a)(8), "student loans are not discharged in a bankruptcy proceeding unless the debtor files an adversary proceeding and obtains a ruling from the court that repayment of the student loans would constitute an undue hardship" (*id.*, attach. MM).

The plaintiff submitted a Teacher Loan Forgiveness Application on December 5, 2010, though she signed the submitted documents on October 16, 2010 (*id.* ¶ 40, attach. NN). On December 16, 2010, the plaintiff was informed in writing that PLUS loans are not eligible for teacher loan forgiveness (*id.*, attach. OO).

On June 5, 2011, Education sent the plaintiff a Notice of Proposed Treasury Offset of All Payment Streams Authorized by Law (*Id.* ¶ 41, attachs. PP, PP-2). The Notice was not returned undeliverable (*id.*, attach. PP (far right hand column would have a "U" if returned undeliverable)). On June 13, 2011, the plaintiff responded to the Notice by submitting a Request for Review claiming that the debt is unenforceable and claiming eligibility for Teacher Loan Forgiveness (*id.*, attach. QQ). A Treasury Offset Program ("TOP") Hearing Decision on June 28, 2011, determined that the debt is enforceable and

Education may collect by offsetting federal and state tax refunds and other payments (*id.*, attach. TT). The instant lawsuit followed.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

6

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Additionally, because in this action the plaintiff challenges a final agency decision, the decision must be reviewed in accordance with the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. The APA sets the appropriate standard of review for challenges to final Federal agency action: whether that agency action was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In reviewing an agency decision under this standard, it is well-settled that the court's inquiry is narrow and limited to "'whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Bowman Transportation, Inc. v. Arkansas-Best Freight Systems, Inc*., 419 U.S. 281, 285 (1974) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)).

The plaintiff argues that because the Direct PLUS loan is unsubsidized, it qualifies for the Teacher Loan Forgiveness Program. She further argues that because Education admits that she worked as a special education teacher for nine years, summary judgment should be granted in her favor (pl. m.s.j. 3-4).

Education argues that summary judgment in its favor is appropriate because Direct PLUS Loans such as the one received by the plaintiff are not eligible for the Teacher Loan Forgiveness Program as a matter of law. This court agrees.[1]

---

[1] In her original complaint, the plaintiff requested cancellation of her debt under 34 C.F.R. § 674.58 (*see* comp. 5), which relates to Federal Perkins Loans and provides in pertinent part:

> **Cancellation for service in an early childhood education program**.
> (a)(1) An institution must cancel up to 100 percent of the outstanding balance on a borrower's NDSL or Federal Perkins loan, for service as a full-time staff member in a Head Start program.

34 C.F.R. § 674.58(a)(1). Under this provision, cancellation of outstanding debt for service as a full-time staff member in a Head Start program is available only for National Direct Student Loans or Federal Perkins loans. *See* 20 U.S.C. § 1087ee(a)(1) and 34 C.F.R. § 674.58(a)(1). The plaintiff also attached to her complaint an application for the Teacher Loan Forgiveness Program (comp.,

7

The plaintiff owes on a Direct PLUS Loan under the William D. Ford Federal Direct Loan Program (Francisco decl. ¶¶ 33-36). The HEA, 20 U.S.C. § 1087j, clearly sets forth the loan types for which teacher loan forgiveness is authorized:

**Loan cancellation for teachers**

(a) Statement of purpose
It is the purpose of this section to encourage individuals to enter and continue in the teaching profession.

(b) Program authorized. The Secretary shall carry out a program of cancelling the obligation to repay a qualified loan in accordance with subsection (c) for <u>Federal Direct Stafford Loans and Federal Direct Unsubsidized Stafford Loans</u> made under this part . . . .

20 U.S.C. § 1087j(b) (emphasis added). The applicable regulations provide:

**Teacher loan forgiveness program**.
(a) General.
(1) The teacher loan forgiveness program is intended to encourage individuals to enter and continue in the teaching profession. For new borrowers, the Secretary repays the amount specified in this paragraph on the borrower's subsidized and unsubsidized Federal Stafford Loans, Direct Subsidized Loans, Direct Unsubsidized Loans, and in certain cases, Federal Consolidation Loans or Direct Consolidation Loans. . . .

34 C.F.R. § 685.217(a)(1). *See also* 34 C.F.R. § 682.216(a)(1) (identical teacher loan forgiveness program provision under FFELP).

As set forth above, Teacher Loan Forgiveness is available only for subsidized and unsubsidized Stafford and Federal Direct Stafford Loans, and in certain cases, Federal Consolidation Loans or Direct Consolidation Loans. Because Direct PLUS Loans are not

---

attach. 1). The plaintiff amended her complaint to request cancellation of her loan under only the Teacher Loan Forgiveness Program, and in her own motion for summary judgment, she conceded that forgiveness under the Perkins Loan Program statute and regulations is not applicable to her loan (pl. m.s.j. 5; *see* amended comp. 5). Accordingly, the only issue here is whether the plaintiff's loan qualifies for forgiveness under the Teacher Loan Forgiveness Program.

covered by the Teacher Loan Forgiveness Program, the plaintiff's Direct PLUS loan is not eligible for teacher loan cancellation or forgiveness and the debt is enforceable.

The plaintiff has also requested an injunction to prevent Education from offsetting her federal and state tax returns and Social Security benefits through TOP (amended comp. 5). As discussed above, payments such as income tax refunds, retirement payments, and Social Security benefit payments may be withheld and offset under TOP. *See* 31 U.S.C. § 3720A(a) (Supp. 1998) (income tax refund payments); 26 U.S.C. § 6402(d) (same); 31 U.S.C. 3716(a), (c) (administrative offset); 31 C.F.R. § 285.2 (tax refund payments). *See also Lockhart v. United States et al.*, 546 U.S. 142, 145 (2005) (holding that United States may offset Social Security benefits to collect student loan debt that has been outstanding for over 10 years). Based upon the foregoing, Education's TOP hearing decision properly held that the debt is enforceable and ineligible for teacher loan forgiveness and that the debt may be referred to Treasury for offset (*see* Francisco decl., attach. TT). Moreover, Education has fully complied with the statutory and regulatory requirements for the TOP offsets against the plaintiff. Accordingly, the TOP hearing decision was not "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion for summary judgment (doc. 42 ) be denied and the defendant's motion for summary (doc. 43) judgment be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

August 9, 2012
Greenville, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.