IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Reina Chavez-Romero, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. Department of Education, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 6:11-1639-MGL<br><br><br><br>**OPINION AND ORDER** |

Pro se Plaintiff Reina Chavez-Romero ("Plaintiff") brought this action on July 7, 2011, seeking review of a final administrative decision of the United States Department of Education whereby the agency decided it was entitled to offset Plaintiff's federal and state income tax refunds and social security retirement benefits in order to collect on Plaintiff's outstanding debt on a defaulted Parent Loan for Undergraduate Students ("PLUS") loan. Plaintiff seeks injunctive relief to prevent the offset efforts, cancellation of the loan, and an award of $500,000.00. (ECF No. 1.) Plaintiff filed a motion for summary judgment on December 13, 2011 (ECF No. 42), and Defendant United States Department of Education ("Defendant") filed its motion for summary judgment on December 16, 2011 (ECF No. 43). Pursuant to Local Rule 73.02(B)(2)(e), this matter was referred to Magistrate Judge Kevin F. McDonald for pretrial handling. On August 9, 2012, the Magistrate Judge issued his Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted. The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. For the reasons set forth below, the court adopts the Report and Recommendation and denies Plaintiff's Motion for Summary Judgment and grants

Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made.

## ANALYSIS/DISCUSSION

Plaintiff objected to the Magistrate Judge's recommendation to this court on August 27, 2012 ("Objections"). (ECF No. 71.) After conducting a de novo review of the objections made, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the findings and recommendation to enter summary judgment in favor of Defendant. The court has considered Plaintiff's objections which centrally concern whether Plaintiff's Direct PLUS loan is eligible for forgiveness. Plaintiff has not specifically objected to the Magistrate Judge's analysis concerning her request for injunctive relief or the Treasury Offset Program's hearing decision and these matters have previously been ruled upon by this court in favor of Defendant. (ECF No. 33 & 52.) Upon de novo review, the court finds that Plaintiff's objections fail to add any new arguments that would make this court reject the Magistrate Judge's Report.

This case involves the William D. Ford Federal Direct Loan Program ("Direct Loan Program") which is authorized by Title IV, Part D of the Higher Education Act of 1965, as amended

(HEA), 20 U.S.C. § 1087a *et seq*.  Under the Direct Loan Program, the United States Department of Education makes loans directly to borrowers, who repay the loans directly to the Department.  20 U.S.C. § 1087a *et seq*.  Four different types of loans are authorized pursuant to the Direct Loan Program: Federal Direct Stafford Loans, Federal Direct PLUS Loans, Federal Direct Consolidation Loans, and Federal Direct Unsubsidized Stafford Loans.  20 U.S.C. § 1087e(a)(2)(A-D); 34 C.F.R. § 685.100.  The Federal Direct PLUS Loans are low-interest parental loans for undergraduate students and the program provides loans to parents of dependent students and to graduate or professional students.  *See* 20 U.S.C. § 1078–2; 34 C.F.R. § 685.100(a)(3).

The central issue here, as identified by both parties, is whether Plaintiff's Direct PLUS Loan qualifies for the Teacher Loan Forgiveness Program of the William D. Ford Federal Direct Loan Program ("Program") codified at 34 C.F.R. § 685.217.  The Program provides loan repayment borrowers with loan forgiveness for the borrower's *eligible* Federal Family Education Loan ("FFEL") and Direct Loan Program loans.  34 C.F.R. § 685.217(a)(1)-(4) (emphasis added). According to the undisputed facts, in August 1997, Plaintiff took out a note for a Direct PLUS Loan for her son Israel A. Romero's studies at the New School of Radio and Television.  (ECF No. 43-1, ¶ 36; ECF No. 47 at 3.)

Plaintiff argues that because the Direct PLUS Loan Program is unsubsidized, it qualifies for the Teacher Loan Forgiveness Program.  She further maintains that because she admittedly worked as a special education teacher for nine years, summary judgment should be granted in her favor.  On the other hand, Defendant argues that summary judgment should be granted in its favor because the Direct PLUS loan like the one received by Plaintiff, are not eligible for the Program as a matter of law.  The court finds that the Magistrate Judge appropriately addressed these arguments and for the

reasons set forth by the Magistrate Judge, the court agrees with Defendant's argument.

In her Objections and opposition to Defendant's Motion for Summary Judgment, Plaintiff strongly indicates that she is "relying on 34 C.F.R. § 685.217" in support of her argument. After reviewing and analyzing this code provision in conjunction with the governing statutes, the court does not reach a different conclusion. Even if a plaintiff/borrower were to satisfy the teaching obligations imposed by 34 C.F.R. § 685.217, the plaintiff must also be a borrower of one of the permitted Direct Loans types expressly identified for Program coverage in 34 C.F.R. § 685.217. Those enumerated loans (i.e.,"borrower's subsidized and unsubsidized Federal Stafford Loans, Direct Subsidized Loans, Direct Unsubsidized Loans, and in certain cases, Federal Consolidation Loans or Direct Consolidation Loans") do not include Direct PLUS loans and Plaintiff cannot now attempt to read "PLUS" into the code provisions. The preeminent canon of statutory interpretation requires this court to presume that the agency's codified rules say what they mean and mean what they say. *See BedRoc Ltd., LLC v. U.S.*, 541 U.S. 176, 183 (2004). Where the rules intend to reference or discuss Direct PLUS loans, they do so expressly. *See, e.g.*,34 C.F.R. § 685.212 (Discharge of a loan obligation). The absence of any language concerning Direct PLUS Loans from 34 C.F.R. § 685.217 can only be read to mean that Direct PLUS Loans are not included in the Program. Further, discussion in the Federal Register offers additional insight:

> Discussion: Recent amendments to the HEA were included in the Improving America's Schools Act of 1994 and enacted into law on October 20, 1994. These changes provide that the name of the program authorized by Part D of the HEA shall be referred to as the "William D. Ford Federal Direct Loan Program." Thus, the "Federal Direct Student Loan Program" has been renamed the "William D. Ford Federal Direct Loan Program." However, the program still will be cited as the "Direct Loan Program" within these regulations. **Further, the loan program previously referred to as the "Federal Direct Stafford Loan Program" has been renamed the "Federal Direct Stafford/Ford Loan Program" and loans made**

> **under this program will continue to be cited as "Direct Subsidized Loans." The loan program previously referred to as the "Federal Direct Unsubsidized Stafford Loan Program" has been renamed the "Federal Direct Unsubsidized Stafford/Ford Loan Program" and loans made under this program will continue to be cited as "Direct Unsubsidized Loans."**

William D. Ford Federal Direct Loan Program, 59 Fed. Reg. 61,664-01 (Dec. 1, 1994) (to be codified at 34 C.F.R. pt. 685) (emphasis added). It is clear from this discussion that any reference to "direct unsubsidized loans" references the "Federal Direct Unsubsidized Stafford/Ford Loan Program," formerly known as the "Federal Direct Unsubsidized Stafford Loan Program," a category of Direct Loans separate and apart from the Direct PLUS loans and its naming conventions.

This reading of the governing federal regulations as it applies in this case makes sense in light of the stated purpose and intent of the Teacher Loan Forgiveness Program: "to encourage individuals to enter and continue in the teaching profession" by forgiving their eligible loans. The PLUS loan allows a parent to obtain a loan to be used to pay for the educational expenses of their children. Plaintiff here seeks to use the Teacher Loan Forgiveness Program to forgive her parent loan obligation, not the loans affiliated with the pursuit of her own educational efforts. This type of effort is not contemplated by the Teacher Loan Forgiveness Program.

## CONCLUSION

Having reviewed and considered the Magistrate Judge's Report and Recommendation, the record in this case, and Plaintiff's objections, and having analyzed the issues raised in accordance with the applicable standards of law, the court adopts the Report and Recommendation and incorporates it herein by reference. The court hereby orders that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED. All other pending motions, including Plaintiff's Motion for Default Judgment (ECF No. 73) are rendered

moot by this opinion.

       IT IS SO ORDERED.

                                        s/Mary G. Lewis
                                        United States District Judge

November 28, 2012
Spartanburg, South Carolina